UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE, an individual,

Plaintiff,

v. Case No: 2:26-cv-1598-SPC-KRH

NAPLES JET CENTER HOLDINGS, LLC,

Defendant.

---

# OPINION AND ORDER

Before the Court is Defendant Naples Jet Center Holdings, LLC's ("Naples Jet Center") Motion to Strike Jane Doe Designation From Case Caption, Pleadings, and Court Filings (Doc. 15). Plaintiff responded to the motion. (Doc. 19). Defendant asks that the "Jane Doe" designation be stricken in favor of Plaintiff using her legal name to proceed. For the reasons stated below, the Court grants the motion.

## BACKGROUND

The Court initially permitted Plaintiff to proceed under a pseudonym but stated that Defendant, after appearing in the case, could raise concerns or objections on its continued use. (Doc. 5).[1] The Amended Complaint (Doc. 11)

---

[1] Plaintiff's argument that Defendant is now seeking to reverse the holding is incorrect. (Doc. 19 at 1–2). Whether a Plaintiff may proceed anonymously can change at a later state of the litigation. *Doe v. Neverson*, 820 F. App'x 984, 987 (11th Cir. 2020)

alleges battery, a Title VII hostile work environment claim, and a violation of the Florida Civil Rights Act. Plaintiff Jane Doe is a female employee who worked as a concierge and then a concierge manager for Naples Jet Center. Plaintiff reported directly to KW who was in a position of power at Naples Jet Center with authority over her assignments and schedule. KW routinely created an environment where female employees were sexualized, and rape was considered a joke. KW shared his sexual fantasies about Plaintiff with co-workers and ignored threats of rape against female employees.

On January 31, 2024, Plaintiff attended the National Business Aviation Association forum in Miami by rental car she drove herself. KW was angry that Plaintiff would not return with him on a private jet and insisted that Plaintiff attend an important lunch meeting with client JC who boasted about his family's criminal activities. Plaintiff was not comfortable being alone with KW and JC, but she complied with instructions to return the car and to meet them for lunch. Plaintiff was pressured to drink at the lunch where pilot KK joined. The three men started talking about sex, about Plaintiff's looks, how they would rank female employees, and about having sex with prostitutes. They dragged Plaintiff bar hopping and gave Plaintiff more to drink. At some

(collecting cases).

point, Plaintiff lost consciousness, and she was transported back to Naples on the private jet.

Plaintiff alleges that she was raped by KW in the owner's office in Naples, Florida, while incapacitated. After regaining consciousness, Plaintiff contacted the authorities and went to the hospital for a rape kit. Plaintiff did not return to work and later submitted her resignation. Plaintiff moved and started a new job within the same private jet charter industry. As a result of the events, Plaintiff has suffered from depression and anxiety.

## LEGAL STANDARD

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties," to protect "the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citations omitted). "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug. 1981)[2] (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all rulings of the former Fifth Circuit handed down prior to October 1, 1981.

Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). "A party may proceed anonymously by establishing a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (internal quotation marks omitted) (citing *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992)).

"Whether a party's right to privacy outweighs the presumption of openness is a 'totality-of-the-circumstances question.'" *Id.* (citation omitted). Courts consider three principal factors: (1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff will be required to disclose information "of the utmost intimacy"; and (3) whether the plaintiff will be compelled to admit her "intention to engage in illegal conduct, thereby risking criminal prosecution." *Stegall*, 653 F.2d at 185. Other factors include whether the plaintiff is a minor or faces a real threat of physical harm, and whether there is a "unique threat of fundamental unfairness to the defendant." *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (citations omitted).

## ANALYSIS

Defendant, having now appeared in the case, seeks to have Plaintiff proceed in her real name. Plaintiff argues that the relevant factors weigh in favor of anonymity because she would be required to disclose information of the utmost intimacy, public identification would cause harm to Plaintiff while continued use of Jane Doe poses no prejudice to Defendant, and because there is a public interest in protecting Plaintiff's identity.

This "intimacy" may include having an abortion and religious beliefs but not mere embarrassment stemming from allegations of sexual assault. *Francis*, 631 F.3d at 1316. Courts also look at whether a plaintiff is a minor, were threatened with violence or physical harm, and whether "anonymity posed a unique threat of fundamental unfairness to the defendant." *Id.* "And courts have permitted plaintiffs to proceed anonymously in cases of "social stigma," for example, mental illness, homosexuality, and transsexuality. *Frank*, 951 F.2d at 324. But no such circumstance persists here and "even the risk of social stigma" is not "enough to overcome the presumption of openness in court proceedings." *Doe v. Fla. Gulf Coast Univ. Bd. of Trs.*, No. 2:23-CV-245-SPC-KCD, 2023 WL 5830406, at *3 (M.D. Fla. Sept. 8, 2023), *aff'd*, No. 23-13063, 2024 WL 4224254 (11th Cir. Sept. 18, 2024). Without any evidence to support a threat of bodily harm, or a specific threat that would compromise

Plaintiff's safety, much as in *Doe v. Sheely*, 781 F. App'x 972, 974 (11th Cir. 2019), the factors weigh against anonymity.

"Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Frank*, 951 F.2d at 324. Ultimately, "[t]he risk that a plaintiff may suffer some embarrassment is not enough" to warrant anonymity. *Id.* Jane Doe must disclose her name.

Accordingly, it is now

**ORDERED:**

Defendant's Motion to Strike Jane Doe Designation From Case Caption, Pleadings, and Court Filings (Doc. 15) is **GRANTED.** Plaintiff must identify herself by her real name in the case caption and in all future filings.

**DONE and ORDERED** in Fort Myers, Florida on September 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record