UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANE DOE, an individual,

Plaintiff,

v. Case No.: 2:26-cv-1598-SPC-KRH

NAPLES JET CENTER HOLDINGS, LLC,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Defendant Naples Jet Center Holdings, LLC's ("NJC") Partial Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 14). Plaintiff Jane Doe responded in opposition. (Doc. 25). With the Court's permission (Doc. 28), Defendant filed a reply (Doc. 29). For the following reasons, the Court grants the motion.

**Background**[1]

Doe worked at NJC as a concierge manager. (Doc. 11 ¶ 1). She reported directly to KW, NJC's director of operations. (¶ 16). He had authority over her assignments, schedule, and required attendance at work-related events. (¶

---

[1] The Court accepts the well-pleaded facts in the Amended Complaint (Doc. 11) as true and construes them in the light most favorable to Plaintiff. *United States v. Jallali*, 478 F. App'x 578, 579 (11th Cir. 2012). The Court cites the allegations in the Amended Complaint as (¶ [number]).

17). KW "facilitated and participated in creating an environment where female employees were sexualized, and rape was considered a joke." (¶ 18).

On January 31, 2024, as part of her job responsibilities, Doe, KW, and other team members attended the National Business Aviation Association forum in Miami for NJC. (¶¶ 26, 28). Doe drove a rental car from Naples to Miami and intended to drive back to Naples after the event ended at 4:00 p.m. (¶¶ 27, 29).

KW became angry when he learned Doe planned to drive back to Naples, rather than fly with him via private jet. (¶ 30). He insisted that Doe attend an important lunch meeting with him and a client. (¶ 31). Doe did not feel comfortable being alone with KW and the client because of KW's history of sexual harassment and inappropriate behavior, in addition to the client's repeated boasting about his family's criminal activities. (¶ 32). However, KW insisted, so she went with him.

At the lunch, KW, the client, and the pilot pressured Doe—who was 22 years old, nervous, and uncomfortable—to drink with them. (¶ 35). She became "highly intoxicated" and had trouble maintaining her balance. (¶ 39). They began to bar hop and drank more. At some point before arriving at the airport, Doe lost consciousness. (¶ 43). She briefly regained consciousness while one of the men was engaging in sex acts with her in the back seat of a car and then blacked out again. (¶ 43).

Doe returned with KW, the client, and pilot to the NJC facility. KW led Doe into the owner's office, locked the door, and raped her. (¶¶ 44–46). Doe did not consent, as she was "incapacitated and lacked the capacity to consent." (¶ 48). But for KW's position of power at NJC, his control over Doe as his subordinate, and access to the NJC owner's office, he would not have had the opportunity to commit these acts. (¶ 49). After Doe regained consciousness, she reported the rape to the authorities and went to the emergency room for a rape kit. (¶¶ 50–51). She resigned from NJC. (¶ 53).

In May 2026, Doe filed this lawsuit. (Doc. 1). In her Amended Complaint, she brings three counts: battery (count I); violation of Title VII hostile work environment (count II); and violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq., hostile work environment (count III). (Doc. 11).

## Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the

opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

**Analysis**

In the partial motion to dismiss, NJC argues that the Court should dismiss count I, the battery claim, because Doe fails to allege facts plausibly establishing that KW's alleged conduct occurred within the scope of his employment or was undertaken to further NJC's business interests. (Doc. 14). For the following reasons, the Court agrees with NJC.

"Under the doctrine of *respondeat superior*, an employer cannot be held liable for the tortious or criminal acts of an employee, unless the acts were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." *See Yule v. Ocean Reef Cmty. Ass'n*, No. 19-10138-CIV, 2020 WL 3051505, at *7 (S.D. Fla. June 8, 2020) (citing *Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.*, 783 So. 2d 353, 356–57 (Fla. Dist. Ct. App. 2001)); *see also Nazareth v. Herndon Ambulance Serv., Inc.*, 467 So. 2d 1076, 1078 (Fla. Dist. Ct. App. 1985). "An employee's conduct is within the scope of his or her employment where: (1) the conduct is of the kind he or she was employed to perform; (2) the conduct occurs substantially within the time and space limits authorized or required

by the work to be performed; and (3) the conduct is activated at least in part by a purpose to serve the master." *Id.* (citing *Iglesia*, 783 So. 2d at 357); *see also Sussman v. Florida E. Coast Props., Inc.*, 557 So. 2d 74, 75–76 (Fla. Dist. Ct. App. 1990).

"Generally, battery and sexual assault by employees are held to be outside the scope of an employee's employment, and therefore, insufficient to impose vicarious liability on the employer." *Id.* (citing *Iglesia*, 783 So. 2d at 357)). "But an exception exists where the tortfeasor is assisted in accomplishing the tort by virtue of the employer/employee relationship." *Id.* (quotation marks and citation omitted). "One example is where a subordinate employee alleges that another employee, in a supervisory role or in another position of power, battered or sexually assaulted the subordinate employee during work hours on work premises." *Id.* (citing *Blount v. Sterling Healthcare Grp., Inc.*, 934 F. Supp. 1365, 1368, 1372–73 (S.D. Fla. 1996) (allowing *respondeat superior* claim where plaintiff alleged that the employee-defendant, the President of the employer-defendant, "was acting as [the plaintiff's] supervisor during work hours and on work premises, and so in the scope of his employ when the alleged torts were committed")). In analyzing the exception, however, courts still examine whether the misconduct had "as its source or its purpose any intent to serve" the defendant. *Agriturf Mgmt., Inc. v. Roe*, 656 So. 2d 954, 955 (Fla. Dist. Ct. App. 1995).

Relying on the aided-by-agency exception, Doe alleges that KW was her direct supervisor, who had authority over her assignments, schedule, required attendance at work-related events, discipline, promotion, and continued employment. (¶¶ 16–17). And the alleged rape occurred on work premises at NJC in the owner's office. (¶ 46). But Doe does not allege that the conduct occurred during work hours; rather, it apparently occurred at some point after 6:02 p.m., though she does not allege a specific time. (¶¶ 41, 46). While this deficiency undermines the sufficiency of her claim, her failure to allege that the rape served some purpose of NJC ultimately dooms it.

Courts in the Eleventh Circuit and Florida appellate courts have concluded that even if a tortfeasor uses a position of authority to accomplish the tort, that is not enough to impose vicarious liability on the employer. *See, e.g.*, *Coleman v. Gold World 101 Inc.*, No. 5:26-CV-54-TKW-MJF, 2026 WL 1195608, at *3 (N.D. Fla. Apr. 28, 2026) (dismissing battery claim with prejudice and explaining plaintiff did not allege tortfeastors' actions furthered defendant's business or served defendant's interests); *Rivera v. Aaron Rents, Inc.*, 2008 WL 638353, at *3 (M.D. Fla. Mar. 5, 2008) (dismissing assault and battery claims brought against furniture rental company by employee who was sexually assaulted by a supervisor at the store where she worked during business hours because the plaintiff "failed to sufficiently allege that such conduct in any way furthered [the company's] business interest in leasing

furniture, or that such conduct was in any way motivated out of a desire to serve [the company]"). Rather, a critical aspect of the analysis is whether the tortfeasor's actions somehow furthered the defendant's business or served its interests by sexually assaulting the plaintiff. *See Coleman*, 2026 WL 1195608, at *3.

In one instance, the Eleventh Circuit reviewed a district court's finding that the government was not vicariously liable under the Federal Tort Claims Act because an alleged battery committed by a prison doctor against an inmate was outside the scope of his employment.[2] *See Alexander v. United States*, No. 21-13720, 2022 WL 17688692, at *8 (11th Cir. Dec. 15, 2022). The Eleventh Circuit affirmed, citing *Goss v. Human Servs. Assocs., Inc.*, 79 So. 3d 127, 132 (Fla. Dist. Ct. App. 2012), and *Nazareth*. *Id.* The court explained that the district court's finding of no liability was "consistent with how Florida law generally treats sexual torts by employees" because "the alleged sexual abuse was not the kind of conduct [the prison doctor] was hired to perform and was not motivated in any way by a purpose to serve the government." *Id.*

To sidestep the issue, Doe argues that it is "too simplistic." (Doc. 25 at 5). She contends that the "question is more functional," and the "issue is

---

[2] The claims in *Alexander v. United States*, No. 21-13720, 2022 WL 17688692, at *8 (11th Cir. Dec. 15, 2022), were brought under the Federal Tort Claims Act, not state law, but liability under the Act is determined by state law. *Id.* at *7–8; 28 U.S.C. § 1346(b)(1).

whether the alleged tortious conduct was intertwined with the perpetrator's workplace, role, authority, and power." (*Id.*). She cites no case for that nuanced proposition. In fact, NJC argues that she "simply misstates the law in Florida," as Florida cases make clear that the question is whether the employee's actions served some purpose to the employer. (Doc. 29 at 2). True enough. And "[a] party's failure to cite legal authority in support of its position suggests either that there is no authority to sustain its position or that it expects the court to do its research." *Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2019 WL 11769102, at *10 (S.D. Fla. Nov. 25, 2019) (cleaned up). So, "the Court declines the invitation to do [Doe's] research and rejects [her] arguments for failure to cite supporting authority." *Id.* (cleaned up).

While Doe cites three Southern District of Florida opinions for support, the Court finds them distinguishable. (Doc. 25 at 3–4 (citing *Kiefer v. Palm Beach Endodontics, P.A.,* 2023 WL 11956319, at *5–6 (S.D. Fla. July 17, 2023) (denying motion to dismiss battery claim against company for sexual battery by a supervisor against a subordinate employee where plaintiff alleged the assault occurred on work premises and was aided by the supervisor's workplace authority); *Yule,* 2020 WL 3051505, at *7 (same); *Blount*, 934 F. Supp. at 1372–73 (same)). In those cases, although the courts did not dismiss the battery claims, the facts differed: the alleged misconduct occurred during

work hours and in the workplace. *See Coleman*, 2026 WL 1195608, at *4 ("the Court is not persuaded that the courts' application of the "aided in accomplishing" exception in [*Kiefer*, *Yule*, and other district court cases that have allowed vicarious liability claims to proceed] comports with the Florida courts' interpretation of that exception"). Such is not the case here. KW's alleged conduct is not the kind he was employed to perform. As NJC emphasizes, Doe does not allege facts suggesting that the post-event socializing in Miami served a business purpose.[3] (Doc. 29 at 5). And, critically, Doe does not allege that KW's conduct served any work purpose of NJC. "Thus, the mere fact that the tortious conduct may have been made possible because of the employee's position with the employer is not enough to impose vicarious liability on the employer." *See Coleman*, 2026 WL 1195608, at *3 (citation omitted) (citing cases). Under these circumstances, the Court finds that Doe has failed to state a plausible battery claim against NJC.

Finally, the Court considers whether to grant leave to amend, though Doe did not request such relief. (*See generally* Doc. 25). Leave to amend should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

[3] The Court acknowledges that KW insisted that Doe attend a lunch with him and a client, but as NJC highlights, the facts most pertinent to the battery claim occurred long after any business lunch ended. (Doc. 29 at 5 (arguing that Doe does not allege facts that the evening activities were work-related in any respect)).

And "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend" unless the "amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this instance, the Court reaches the same conclusion as in *Coleman*. *See Coleman*, 2026 WL 1195608, at *4 (finding amendment would be futile). Like *Coleman*, Doe's problem is not that she did not plead enough facts to state a claim. *Id.* Rather, "the problem is that the facts pled refute the claim that [NJC] is vicariously liable for [KW's] conduct." *Id.* And, as in *Coleman*, the Court "cannot conceive of any additional facts that [Doe] could allege to show that [KW] was acting within the scope of [his] employment or with apparent authority when [he] sexually assaulted and battered [Doe.]" *Id.* Accordingly, any amendment would be futile insofar as it sought to reassert the battery claim against NJC.

Accordingly, it is now

**ORDERED**:

1. Defendant Naples Jet Center Holdings, LLC's Partial Motion to Dismiss Plaintiff's Amended Complaint (Doc. 14) is **GRANTED**.
2. Doe's battery claim (count I) is **DISMISSED with prejudice**.
3. By **November 3, 2026**, NJC is **DIRECTED** to respond to the remaining counts in the Amended Complaint.

**DONE** and **ORDERED** in Fort Myers, Florida on October 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies to: All Parties of Record